E-FILED
Friday, 02 October, 2026 02:15:06 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **Roger Shekar,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 26-cv-3233** |
| | ) | |
| **David H. DeCelles,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court are the Respondent's Motions to Dismiss or, in the Alternative, to Transfer Venue (d/e 1), and to Alter the Court's Order remanding the case to the Circuit Court of Sangamon County (d/e 6). Because the Court erred in holding that the Petitioner's petition did not refer to the Respondent's official duties, the Respondent's Motion to Alter is GRANTED. Because venue is proper in the Northern District of Illinois, the Government's Motion to Transfer Venue is GRANTED.

## I. BACKGROUND

On June 17, 2026, Petitioner filed for a restraining order in the Circuit Court of Sangamon County, Illinois, against David DeCelles, a Judge in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 2026OP001212). Petitioner is a Debtor in Respondent's Court, and alleged that Respondent was harassing and stalking Petitioner and his family. In re: Raj Shekar and Pushpa Shekar, Case No. 25-11534 (Bankr. N.D. Ill.).

On July 20, 2026, Respondent removed the case to this Court, which encompasses Sangamon County, on the grounds that the United States has an "absolute right" to remove a state court civil action directed against any officer of the United States, provided the action relates to an act pursuant officer's performance of his duties. d/e 1, p. 1; 28 U.S.C. § 1442(a)(3).

On July 23, 2026, this Court remanded the case back to the Circuit Court of Sangamon County for lack of jurisdiction, holding that the petition "ma[de] no reference to Respondent's official office" or the performance of his duties. d/e 6.

On August 17, 2026, Respondent filed the instant Motion to Alter the Court's Order remanding the case back to Sangamon County.

## II. LEGAL STANDARD

### A. Respondent's Motion to Alter

Rule 59, subsection (e) allows a party to file a Motion to Alter or Amend a Judgment within 28 days after entry. FED. R. CIV. P. 59(e). To establish relief under Rule 59(e), a "movant must demonstrate a manifest error of law or fact or present newly discovered evidence." Boyd v. Tornier, Inc., 656 F.3d 487, 492 (7th Cir. 2011).

### B. Respondent's Motion to Dismiss or, in the Alternative, to Transfer Venue

Under 28 U.S.C. §§ 1404 and 1406(a), the District Court shall dismiss a case "laying venue in the wrong division or district," or transfer the case to a proper venue if such transfer would be in the interests of justice. A district court has "broad discretion" in deciding whether a transfer is in the interests of justice. Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986). § 1404 permits the

Court to transfer a case to the district in which it "might have been brought."

For cases in which the Respondent is an officer or employee of the United States, as here, venue is proper in any judicial district in which (1) a defendant resides, (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Under § 1391, a natural person such as Petitioner "resides" in the district in which that person is "domiciled." 28 U.S.C. § 1391(c)(1); Meshberger v. Wright, 2024 WL 4581168, at *2 (N.D. Ind. Oct. 23, 2024) (defining domicile as the district in which a person "is physically present with the intent to remain there and, by some objective act, the person has shown his intention to maintain the residency indefinitely") (internal quotations omitted). Federal officers like Respondent, however, reside in the district where they perform their official duties. Reuben H. Donnelley Corp. v. Federal Trade Com., 580 F.2d 264, 266 n.3 (7th Cir. 1978). In considering whether venue is proper, a court may "look beyond the

mere allegations of a complaint[.]" Deb v. Sirva, Inc., 832 F.3d 800, 809 (7th Cir. 2016).

## III. ANALYSIS

### A. Respondent's Motion to Alter

Respondent argues that the Court erred when it ruled that the Petitioner's petition made no mention of Respondent's official duties as required for removal under § 1442(a)(3). Respondent points to language in the petition requesting that Respondent "be barred from any contact" with Petitioner, "including presiding, [or] hearing any matters related to the Petitioner." d/e 1-1, p. 4; d/e 9, p. 3.

The Court agrees with Respondent. The request that Respondent be barred from "presiding" or "hearing any matters" concerning Petitioner is related to Petitioner's status as a Debtor in a case over which Judge DeCelles presides. There is no conceivable, relevant scenario in which Petitioner could be referring to Respondent's capacity to preside over or hear matters separate from his official duties, or in a way that would not relate to his petition. Accordingly, Respondent can remove the petition under § 1442(a)(3) to a district with proper venue.

### B. Respondent's Motion to Dismiss or, in the Alternative, to Transfer Venue

But venue is not proper in this district. As described, for a case against an officer of the United States, venue is proper in any judicial district in which (1) a defendant resides, (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1); Deb, 832 F.3d at 809 (courts can "look beyond the mere allegations of a complaint" to determine whether venue is proper). Further, § 1404 permits the Court to transfer a case to the district in which it "might have been brought." Accordingly, the Court assesses whether venue is proper in the Central District of Illinois, or whether it should have been brought in the Northern District.

Taking these in turn, Respondent resides where he performs his official duties—the Northern District of Illinois, not the Central District. Reuben H. Donnelley Corp., 580 F.2d at 266 n.3.

Second, Petitioner has presented no evidence that *any*—much less "a substantial part"—of the events giving rise to the claim

occurred in the Central District. Most if not all relevant events occurred in the Northern District.

Third, Petitioner has produced no evidence that he resides in the Central District. Mail sent to Petitioner's purported Springfield address has been returned as undeliverable. d/e 7, 8. Further, Petitioner provided addresses for a home in Streamwood, Illinois and a PO Box in Schaumburg, Illinois—both encompassed by the Northern District—in his bankruptcy petition. d/e 2, p. 14.

Accordingly, there is no proper venue in the Central District of Illinois because (1) the Respondent does not reside here; (2) there is no evidence that a substantial part of the events giving rise to the claim occurred here; and (3) the Petitioner does not appear to reside here. Conversely, the case should have been brought in the Northern District of Illinois because (1) the Respondent does reside there; (2) all events giving rise to the claim appear to have occurred there; and (3) the Petitioner appears to reside there. Accordingly, the Court holds that venue is proper in the Northern District of Illinois under § 1391.

## IV. CONCLUSION

Because the Court erred when it ruled that Petitioner's petition made no reference to Respondent's official duties, Respondent's Motion to Alter (d/e 9) is GRANTED.

Because removal was proper based on § 1442(a)(3), the Court's Order remanding the case to the Circuit Court of Sangamon County (d/e 6) is VACATED.

Because the case should have been brought in the Northern District of Illinois under 28 U.S.C. §§ 1391 and 1404, Respondent's Motion to Dismiss or, in the Alternative, to Transfer Venue (d/e 3) is GRANTED. The Clerk is directed to transfer the case to the Northern District of Illinois.

**IT IS SO ORDERED.**
**ENTERED: October 2, 2026.**
**FOR THE COURT**

**/s/ Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**